UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
ANTWAUN CURRY,                                               :
                                                             :
                        Plaintiff,                            :
                                                             :
          v.                                                :      24-CV-1619 (SFR)
                                                             :
STATE FARM FIRE & CASUALTY COMPANY                           :
and STATE FARM MUTUAL AUTOMOBILE                             :
INSURANCE COMPANY,                                           :
                                                             :
                        Defendants.                          : x
-------------------------------------------------------------

**MEMORANDUM & ORDER**

Plaintiff Antwaun Curry obtained a substantial default judgment in Connecticut Superior Court against Michael Rodrigues and Xiomara Rios after Rios drove Rodrigues' car into a car where Curry was a passenger. Curry now seeks to recover from Rodrigues' insurer, Defendants State Farm Fire & Casualty Company and State Farm Mutual Automobile Insurance Company (together "State Farm" or "Defendants"). State Farm filed a motion to dismiss all of Curry's claims. For the reasons that follow, I deny State Farm's motion to dismiss in part and grant the motion in part.

**I.    BACKGROUND**

The Complaint alleges as follows. On February 14, 2021, Curry sustained injuries after a car driven by Xiomara Rios rear-ended the car where Curry was a passenger. Compl. 2, ¶¶ 11-13, ECF No. 1.[1] Rios was driving with the express permission of Michael Rodrigues. *Id.* at 2, ¶ 12. Rodrigues' car was insured by Defendants. *Id.* at 2, ¶¶ 6-9. Through the policy, and

---

[1] When citing to the Complaint, I cite to the pagination contained within the filing rather than to the internal pagination set by ECF.

other representations, Defendants promised to defend Rodrigues in any lawsuit where the factual allegations contained in the complaint might potentially fall within the scope of coverage. *Id.* at 2, ¶ 9. The policy remained in effect on the date of the collision. *Id.* at 2, ¶ 14.

Through counsel, Curry notified State Farm of Curry's claim on June 11, 2021, and provided a copy of the police report. *Id.* at 3, ¶ 16. Curry's counsel sent a demand letter to State Farm on August 2, 2021. *Id.* at 3, ¶¶ 18-19. Defendants responded on August 30, 2021, that they could not accept or deny the demand "due to a coverage question on the file." *Id.* at 3, ¶ 20. Curry's counsel responded by sharing a copy of a civil lawsuit complaint against Rios and Rodrigues, which was ultimately filed in Connecticut Superior Court on November 5, 2021. *Id.* at 3-4, ¶¶ 21-24. The state lawsuit asserted a single cause of action for negligence against Rios and Rodrigues.[2] Rios and Rodrigues did not appear in the state court action. *See id.* at 5, ¶ 33.

On May 22, 2022, State Farm's adjuster wrote to Curry's counsel to inform him that Defendants had denied coverage related to the accident. *Id.* at 5, ¶ 32. On March 17, 2023, Curry's counsel wrote to State Farm to inform them of an upcoming hearing on damages. *Id.* at 5, ¶ 33. On August 22, 2023, Curry obtained an award in the state court action of $459,435.24 in compensatory and punitive damages against Rios and Rodrigues. *Id.* at 5, ¶ 34. That award remains wholly unsatisfied. *Id.* at 6, ¶ 38.

---

[2] I take judicial notice of the Connecticut state court complaint attached to Curry's response to the motion to dismiss. Pl.'s Mem. 18-22. Courts may look beyond the pleadings to consider a fact that is subject to judicial notice or is contained within a document that is integral to the complaint. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). The state court complaint attached to Curry's response is identical to that which appears on the docket of the Connecticut Superior Court. *Curry v. Rios*, No. FBT-CV21-6111761-S (Conn. Sup. Dec. 8, 2021).

Curry brought the present action against State Farm in Connecticut Superior Court on September 6, 2024. *Id.* at 1. Defendants removed to federal court on October 10, 2024. Notice of Removal, ECF No. 1. Counts 1 and 4 sound in breach of contract for State Farm's refusal to defend Rodrigues in the state court action. Counts 2 and 5 assert that State Farm breached its duty of good faith and fair dealing by refusing to provide an immediate defense to Rodrigues, refusing to settle within the policy limits, and refusing to indemnify Rodrigues for the judgment. Counts 3 and 6 assert that State Farm was unjustly enriched by accepting premium payments and then declining to defend Rodrigues in the state court action and refusing to pay the judgment.[3]

Defendants filed a motion to dismiss and memorandum of law on October 22, 2024. State Farm Mut. Auto. Ins. Co. and State Farm Fire & Cas. Co.'s Mem. in Supp. of Mot. to Dismiss. Pl.'s Compl., ("Defs.' Mem."), ECF No. 15. Curry timely responded on December 11, 2024. Pl.'s Obj. & Mem. in Opp. to Defs.' Oct. 22, 2024, Mot. to Dismiss ("Pl.'s Mem."), ECF No. 21. Defendant replied on December 23, 2025. State Farm Mut. Auto. Ins. Co. and State Farm Fire & Cas. Co.'s Reply to Pl.'s Opp. to Mot. to Dismiss ("Reply"), ECF No. 22. I heard oral argument on the motion on May 28, 2025. ECF No. 39.

## II.  LEGAL STANDARD

The standard governing motions to dismiss under Rule 12(b)(6) is well established. To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[3] Counts 1, 2, and 3 are brought against State Farm Mutual Automobile Insurance while counts 4, 5, and 6 are brought against State Farm Fire & Casualty Company. At oral argument, Curry's counsel confirmed that the mirrored counts (1 and 4, 2 and 5, 3 and 6) are otherwise identical.

678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). However, the court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

### III.    DISCUSSION

#### A.    Breach of Contract

Curry asserts that he is a judgment creditor pursuant to Conn. Gen. Stat. § 38a-321 entitled to enforce the insurance policy issued by State Farm to Rodrigues. Counts 1 and 4 of the Complaint assert that State Farm breached the policy by failing to defend Rodrigues in the state court action. Compl. 1-6, 18-23. In its briefing, State Farm argues that a judgment creditor like Curry cannot recover pursuant to Connecticut's direct action statute, Conn. Gen. Stat. § 38a-321, because the policy agreement excluded intentional wrongful acts by the insured as well as events where the insured failed to cooperate with State Farm's investigation. Reply 1-2.[4] Curry maintains that the court must take his well-pleaded allegations as true and Defendants

---

[4] In its opening brief, State Farm asserted that Curry cannot recover for breach of contract because he was not a party to the insurance contract between Rodrigues and Defendants. Defs.' Mem. 5-6. However, State Farm acknowledged in its reply brief and at oral argument that Conn. Gen. Stat. § 38a-321 allows third-party actions.

4

are estopped from pursuing the exclusions argument because Defendants breached their duty to defend Rodrigues in the state court action. Pl.'s Mem. 8-11.

Connecticut's direct action statute permits a third party such as Curry to enforce the provisions of State Farm's insurance agreement, even though Curry was not a party to the contract. The direct action statute provides in relevant part that:

> Upon the recovery of a final judgment against any person . . . for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment was not satisfied . . . such judgment creditor shall be subrogated to all rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.

Conn. Gen. Stat. § 38a-321; *see also Home Ins. Co. v. Aetna Life & Cas. Co.*, 235 Conn. 185, 198 (1995) (explaining that "the intention of the statute is to give to the judgment creditor the same rights under the policy as the assured") (alterations and internal quotation marks omitted). The Connecticut Supreme Court has established three requirements that a judgment creditor must satisfy to bring a claim against an insurer pursuant to § 38a-321: "'(1) that the plaintiff has recovered a final judgment; (2) that the judgment is against a person who was insured by the defendant against liability on it; and (3) that the judgment remains unsatisfied.'" *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 8-9 (D. Conn. 2013) (quoting *Skut v. Hartford Accident & Indemnity Co.*, 142 Conn. 388, 393 (1955)). The allegations in the Complaint satisfy all three requirements.

The duty to defend is independent of and broader than the obligation to indemnify. *Nash St., LLC v. Main St. Am. Assurance Co.*, 337 Conn. 1, 9 (2020). An insurer has a duty to defend its insured if "at least one allegation of the complaint falls even possibly within the

5

coverage." *Travelers Cas. & Sur. Co. of Am. v. Netherlands Ins. Co.*, 312 Conn. 714, 739 (2014) (internal quotation marks omitted). Where the insured defaults, the judgment creditor may sue the insurer for breach of contract for failing to defend the defaulted insured. *Nash St.*, 337 Conn. at 9. Here, the Complaint adequately pleads that Defendants breached the duty to defend by declining to defend Rodrigues in Curry's state court lawsuit. Curry says—and at this stage I must accept as true—that Defendants promised to defend Rodrigues from claims of negligence like those asserted in the state court complaint. Thus, Curry as a judgment creditor can assert Rodrigues' claim that Defendants breached the contract in failing to defend in the state court action. *See, e.g.*, *Veilleux v. Progressive Nw. Ins. Co.*, No. 3:16-cv-2116 (MPS), 2018 WL 465773, at *2-5 (D. Conn. Jan. 18, 2018) (permitting judgment creditor to bring various breach of contract claims against insurer pursuant to Connecticut's direct action statute after insurer declined to defend its insured).

State Farm contends that its duty to defend was excused in this instance because Rios engaged in intentional wrongful acts not covered by State Farm's policy and failed to cooperate with State Farm's investigation.[5] Reply 2. But I am barred from looking beyond the pleadings in deciding whether to grant a motion to dismiss under Rule 12(b)(6). *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Thus, I cannot determine on a motion to dismiss the contested factual issue of whether Rios engaged in intentional wrongful conduct or negligence such that

---

[5] As neither party has incorporated the policy agreement into its filings, I do not opine at this juncture on what conduct is excluded from the policy.

the conduct here was excluded by the policy. Similarly, I cannot determine at the motion to dismiss stage whether Rodrigues failed in any obligation to cooperate with State Farm.[6]

At oral argument, State Farm submitted an additional argument in support of dismissal. State Farm asserted that the duty to defend an insured is triggered only when the insured tenders the defense to the insurer. As the Complaint does not describe whether Rodrigues ever tendered his defense in the state court action to the insurer, State Farm says that Curry fails to state a claim for breach of the duty to defend.[7] I disagree.

It is certainly true that many cases brought in the direct action context arise after the insured was rebuffed in tendering defense to the insurer. *See, e.g.*, *Capstone Bldg. Corp. v. Am. Motorists Ins. Co.*, 308 Conn. 760, 809 (2013); *Nash Street, LLC*, 337 Conn. at 25-26 (holding that an insurer owes its insured a duty to defend if, "[a]t the time [the insured] tendered defense of the underlying action to the [insurer], there was a possibility that the damages the plaintiff alleged were covered by the policy"). But this does not mean that a complaint by a

---

[6] I decline at this stage to address Curry's argument that State Farm's failure to defend the state court action, if proven, estops State Farm from invoking the substantive exclusions of the insurance policy.

[7] At oral argument, Curry's counsel objected to the tendering argument on the ground that it had not been raised in State Farm's motion to dismiss and thus Curry had not had an opportunity to respond to the argument in his response brief. Although State Farm's counsel contended that the tendering argument had been raised in the briefs, it appears nowhere within State Farm's opening brief and is at best only suggested in a footnote to the Reply. *See* Reply 2 n.1 ("Mr. Rodrigues and Ms. Rios never sought of [sic] defense from State Farm, but rather actively avoided helping the investigation, thus, creating a fundamentally different situation than in Plaintiff's relied upon case law."). As I conclude that the argument lacks merit in any event, I need not address whether it was waived by the way it was presented. *See* D. Conn. L. Civ. R. 7(d) ("A reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies."); *In re Harris*, 464 F.3d 263, 268 n.3 (2d Cir. 2006) (Sotomayor, J.) ("We generally do not consider issues raised in a reply brief for the first time . . . because if [a movant] raises a new argument in a reply brief a [non-moving party] may not have an adequate opportunity to respond to it.") (internal quotation marks and citations omitted).

judgment creditor must plead with particularity when and how the insured attempted to tender defense to the insurer to survive a motion to dismiss. Instead, the Connecticut Supreme Court has reiterated that the duty to defend is interpreted by reference to the complaint filed against the insured, rather than to evidence of post-filing interactions between insured and insurer. *DaCruz v. State Farm Fire & Cas. Co.*, 268 Conn. 675, 687-88 (2004) ("'It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint.'") (quoting *Security Ins. Co. of Hartford v. Lumbermens Mutual Casualty Co.,* 264 Conn. 688, 711-12, (2003)); *Missionaries of Co. of Mary v. Aetna Cas. & Sur. Co.*, 155 Conn. 104, 110 (1967) (same).

I may ultimately consider evidence relating to when or if Rodrigues tendered his defense to State Farm in deciding whether State Farm breached its duty to defend. *See Capstone*, 308 Conn. at 815 ("[T]he proper inquiry [in assessing a claim for breach of the duty to defend] is whether the insurer would have had the duty to defend against each claim, contained in the complaint or fairly discernible from the demand for defense, when considered independently."); *see also Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co.*, 274 Conn. 457, 467 (2005) (holding that an insurer must provide a defense "when it has actual knowledge of facts establishing a reasonable possibility of coverage") (citation omitted). But the case law does not support State Farm's assertion that a complaint in the direct action context for breach of the duty to defend can survive a motion to dismiss only when the complaint specifically asserts that the insured tendered a defense to the insurer.

Furthermore, the tendering obligations are presumably governed by the policy agreement issued by State Farm to Rodrigues. *See Nash Street, LLC*, 337 Conn. at 17 (construing the policy agreement on a motion for summary judgment to determine whether the

8

duty to defend had been triggered). But the policy agreement is not before me. Nor can I decide the fact-sensitive question of whether Rodrigues and State Farm performed their respective obligations under the policy on a motion to dismiss. *See Baldia v. RN Express Staffing Registry LLC*, 633 F. Supp. 3d 693, 714 (S.D.N.Y. 2022) (declining to decide the disputed issue of performance under the contract on a motion to dismiss).

Accordingly, I find that Curry has adequately pleaded that State Farm breached its duty to defend Rodrigues in the state court action.

### B.    Breach of the Duty of Good Faith and Fair Dealing

Counts 2 and 5 of the Complaint assert claims of breach of the duty of good faith and fair dealing. Compl. 6-12, 23-29.[8] Curry says that State Farm acted with "design to mislead or deceive, and willful intent to breach or frustrate the terms of the Insurance Policy, not prompted by honest mistake but by motive to illegally deny Michael Rodrigues his contractual and legal rights." *Id.* at 11, ¶ 38. Curry's allegations regarding bad faith overlap significantly with those related to breach of contract, but he asserts that State Farm acted in bad faith by:

> a) intentionally and willfully refusing to fully to [sic] provide an *immediate* defense to Michael Rodrigues when there was no doubt that the allegations in the Lawsuit complaint triggered a duty to defend;
>
> b) intentionally and willfully refusing to settle the Lawsuit within the Rodrigues Policy limits after offers to settlement [sic] the Lawsuit within the applicable policy limits had been made, and;
>
> c) intentionally and willfully refusing to indemnify Michael Rodrigues for the Judgment after refusing to immediately defend him when there was no doubt that the allegations in the Lawsuit complaint triggered the duty to defend.

---

[8] As described in note 3, *supra*, Count 2 asserts a claim against Defendant State Farm Mutual Automobile Insurance and Count 5 asserts a claim against Defendant State Farm Fire & Casualty Company. The counts are otherwise identical.

*Id.* at 12, ¶ 38(a)-(c).

State Farm says the Complaint contains only conclusory statements that fail to state a claim of bad faith. Defs.' Mem. 7-9. In particular, State Farm notes that Curry has not pleaded any facts that would support the inference that Defendants had a sinister or dishonest motive in declining to promptly defend Rodrigues. *Id.* at 8. Curry responds by pointing to a broader definition of bad faith and observing: "Rarely do the perpetrators of bad faith conduct announce their bad faith intent openly, and proof of such conduct is almost always made by circumstantial evidence." *Id.* at 12. Curry asserts that State Farm had no valid excuse for declining to defend the state court negligence action because the state court complaint alleged conduct clearly within the scope of State Farm's duty to defend. *Id.* at 13. Curry maintains that it is not reasonable for State Farm to delay six months to determine if the allegations in the short state court complaint might possibly fall within the liability coverage in the applicable policy. *Id*. Curry accuses State Farm of "tread[ing] water, in the face of a simple negligence claim in the 2021 Lawsuit, to find any excuse to deny the claim." *Id.* These circumstances, Curry asserts, adequately support the bad faith inference at this stage of the case. *Id.* at 11-14.

Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. *Habetz v. Condon*, 224 Conn. 231, 238 (1992). To make out "a cognizable claim of breach of the implied covenant of good faith and fair dealing, [the plaintiff must allege that] 'the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract [were] taken in bad faith.'" *Calhoun v. Providence Mut. Fire Ins. Co.*, 204 F. Supp. 3d 436, 442 (D. Conn. 2016) (quoting *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 269 Conn. 424, 433

(2004)). Bad faith encompasses "both 'actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.'" *Habetz*, 224 Conn. at 237 (quoting Black's Law Dictionary (5th ed. 1979)). "'Bad faith means more than mere negligence; it involves a dishonest purpose.'" *De La Concha of Hartford, Inc.*, 269 Conn. at 433 (quoting *Habetz*, 224 Conn. at 237).

Bad faith can be inferred where the insurer denied a contractual benefit on a pretextual basis or in violation of a statutory obligation. *Veilleux*, 2018 WL 465773, at *5-6. Similarly, a claim asserting bad faith that suggests the insurer deliberately denied a contractual benefit it knew it owed to the insured will survive a motion to dismiss. *Belz v. Peerless Ins. Co.*, 46 F. Supp. 3d 157, 165 (D. Conn. 2014); *see also Stein v. AIX Specialty Ins. Co.*, No. HHD-cv-206123957S, 2020 WL 8024884, at *3 (Conn. Super. Ct. Nov. 17, 2020). Pleading that an insurer attempted to mislead the insured regarding their rights under the contract also supports an inference of bad faith. *Gabriel v. Liberty Mut. Fire Ins. Co.*, No. 3:14-cv-1435-VAB, 2015 WL 5684063, at *5 (D. Conn. Sept. 28, 2015). Finally, an "insurer's failure to adequately investigate, evaluate and settle may provide the basis for a bad faith claim." *Smith v. Home State Ins. Co. SPC, Inc.*, No. 3:10-cv-1046 (RNC), 2013 WL 12284914, at *4 (D. Conn. Mar. 31, 2013). On the other hand, "[a]llegations of a mere coverage dispute or negligence by an insurer in conducting an investigation will not state a claim for bad faith against an insurer." *Martin v. American Equity Ins. Co.*, 185 F. Supp. 2d 162, 165 (D. Conn. 2002).

Liberally construed, the Complaint states a plausible claim of bad faith denial of State Farm's duty to defend Rodrigues. Curry alleges that State Farm knew it owed a duty to immediately defend Rodrigues because it could see from the state court complaint that Curry's

11

claim against Rodrigues was plainly within the scope of coverage. Nonetheless, rather than defend Rodrigues, State Farm delayed six months in order to engineer an excuse to invoke one of the policy exclusions. These allegations, if proven, could support an inference that State Farm willfully breached its duty to defend. *See Stein*, 2020 WL 8024884, at *3 (denying motion to dismiss on claim that insurer engaged in bad faith by looking beyond complaint to find excuse to avoid defending insured).

But I do not find that the Complaint plausibly states a claim of bad faith relating to State Farm's decision to invoke a policy exclusion as the basis for not settling Curry's state court lawsuit or indemnifying Rodrigues. *See* Compl. 12, ¶ 38(b)-(c). Unlike in *Veilleux*, Curry does not assert that State Farm denied a claim for coverage on a pretextual basis. Curry has not suggested that State Farm conducted an inadequate investigation into his claim. Nor is there any allegation that State Farm sought to mislead Rodrigues or Curry regarding the status of its investigation or the basis for its denial of coverage. *See Martin*, 185 F. Supp. 2d at 165 (granting dismissal because plaintiff failed to describe how denial of coverage was "unreasonable, outrageous, malicious, and done in bad faith"). Nor has Curry plausibly asserted that State Farm violated public policy or some other statutory duty by declining to settle Curry's claim or file a declaratory judgment action against Rodrigues. *See Nash Street, LLC*, 337 Conn. at 22 ("Although our case law does not require it, the prudent, if not ordinary, course would have been for the defendant to defend its insured under a reservation of rights and separately pursue a declaratory judgment action to resolve the legal uncertainty at issue.").

Accordingly, Curry has adequately pleaded a bad faith claim only to the extent he alleges that State Farm acted in bad faith by declining to promptly defend Rodrigues in the state court action. *See* Compl. 12, ¶ 38(a).

### C. Unjust Enrichment

Counts 3 and 6 assert that Defendants were unjustly enriched by their decision not to defend or indemnify Rodrigues in the state court action.[9] *Id.* at 13-18, 30-35.[10] Defendants respond that Curry cannot seek equitable remedies rooted in the quasi-contractual relationship between State Farm and Rodrigues. Defs.' Mem. 8-9. Curry maintains that Conn. Gen. Stat. § 38a-321 entitles him as a judgment creditor to recover against State Farm for equitable remedies in addition to claims for breach of contract. Pl.'s Mem. 14-15.

I find State Farm's argument to be without merit. Connecticut's direct action statute permits Curry as a judgment creditor to assert whatever causes of action would be available to the insured against the insurer. This includes equitable remedies such as unjust enrichment. *See Veilleux*, 2018 WL 465773, at *2-3 (rejecting argument that Conn. Gen. Stat. § 38a-321 supplanted common law remedies). I therefore deny State Farm's motion to dismiss counts 3 and 6 of the Complaint.

## IV. CONCLUSION

For the foregoing reasons, State Farm's Motion to Dismiss is GRANTED as to State Farm's bad faith denial of coverage claims alleged in counts 2 and 5, DENIED as to State

---

[9] Curry's counsel clarified at oral argument that the unjust enrichment claim is an alternative path to recovery in the event he were prevented from pursuing the breach of contract claims. A plaintiff is of course permitted to plead in the alternative at this stage. *See Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 95 (2d Cir. 1994) ("[A] plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency."); Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").

[10] Counts 3 and 6 of the Complaint are identical except as to the identity of the defendant.

Farm's bad faith denial of the duty to defend claims alleged in counts 2 and 5, and DENIED with respect to all other counts.

**SO ORDERED.**

New Haven, Connecticut
June 6, 2025

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge